UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff/Respondent,<br><br>vs.<br><br>JAMES BURKS,<br><br>  Defendant/Movant. | Criminal Case No. 8:17-643-BHH<br><br>**OPINION AND ORDER** |

This matter is before the Court upon Defendant/Movant James Burks ("Burks") "Motion to Sentence Reduction." (ECF No. 58.) For the reasons set forth below, Burks' motion is denied and Respondent United States of America's ("Government") motion to dismiss (ECF No. 60) is granted.

## **BACKGROUND**

While in flight from the consequences of a parole violation, Burks traveled with "ST" and her minor daughter "CT." (Presentence Investigation Report ("PSR") ¶ 6, ECF No. 44.) Burks embarked upon a sexual relationship with CT, who was then 12 years old, and traveled in interstate commerce to have sex with her on multiple occasions. (*Id.* ¶P 6–7.) Burks also made trophy pictures of him and the victim engaged in sexual acts. (*Id.* ¶ 8.) Burks and the victim had sex between 20–35 times. (*Id.* at ¶¶ 8–9.)

Burks pled guilty to traveling in interstate commerce with the intent to have sex with a minor. After the plea and while awaiting sentencing, Burks used a contraband cellphone obtained in prison to contact the victim and to continue to traumatizer her. (*Id.*

1

¶ 11.) On February 20, 2019, this Court sentenced Burks to 360 months and supervised release for a term of life. (ECF No. 53.) Burks did not file an appeal.

## DISCUSSION

Though not styled as such, Burks' motion is, in substance, a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and is untimely.  In essence, Burks argues that "[t]his attorney Benjamin Stepp was ineffective" in several respects. (ECF No. 58 at 3.) Burks' attempt to collaterally attack his conviction and sentence via a sentence reduction motion ignores the established procedures for doing so. "Namely, 28 U.S.C. § 2255 is '[t]he exclusive remedy' for challenging a federal conviction or sentence after the conclusion of the period for direct appeal, 'unless [§ 2255] is inadequate or ineffective,' in which case the defendant may file a 28 U.S.C. § 2241 petition for habeas corpus pursuant to the savings clause at § 2255(e)." *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022) (quoting *United States v. Simpson*, 27 F. App'x 221, 224 (4th Cir. 2001) (Traxler, J., concurring)) (alterations in original). "Because § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as [a motion to reduce sentence] to sidestep § 2255's requirements." *Id.*

"[A] defendant must file an application for relief under § 2255 within one year of his conviction becoming final. Where, as here, there was no appeal, the conviction becomes final for the purpose of starting the one-year limitations period when the opportunity to appeal expires." *United States v. Jacobs*, No. 7:07-CR-01112-JMC, 2017 WL 4890001, at *2 (D.S.C. Oct. 30, 2017) (citing *Clay v. United States*, 537 U.S. 522, 524–25 (2003)). Burks' conviction became final on March 6, 2019, the last date to file a notice of appeal

with respect to his criminal conviction. *See Clay*, 537 U.S. at 527–28; Fed. R. App. P. 4(b)(1)(A) (requiring defendant to file notice of appeal within 14 days after the entry of judgment in a criminal case). Burks then had one year to file a motion pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f).

Burks' motion was due in March of 2020, but he filed the instant motion in December 2022. Because Burks did not file his § 2255 motion within the one-year limit, the motion is barred by the statute of limitations unless he can demonstrate grounds for equitable tolling or that one of the later commencement dates for the limitations period should apply. *See* 28 U.S.C. § 2255(f). He has failed to do so in his "Motion to Sentence Reduction." Accordingly, Burks' motion is denied as untimely and the Government's motion to dismiss is granted.

## **CONCLUSION**

This Court hereby DENIES and DISMISSES Burks' motion for sentence reduction (ECF No. 58) as untimely. The Government's motion to dismiss (ECF No. 60) is GRANTED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

January 2, 2023
Greenville, South Carolina